NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0117n.06
Filed: February 14, 2006

**NO. 04-2388**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SEE, INC., | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | ON APPEAL from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Michigan |
| IMAGO EYEWEAR PTY, LIMITED, | ) | |
| SEEYEWEAR PARTY, LIMITED, | ) | |
| and STEVEN EHRLICH, | ) | |
| | ) | |
| *Defendants-Appellees.* | ) | |

**Before: SUHRHEINRICH and GRIFFIN, Circuit Judges; HOOD, Chief District Judge.**[*]

HOOD, J. Plaintiff-Appellant, See, Inc. ("See or Plaintiff"), appeals from the order of the district court granting the motion of Defendants-Appellees, Imago Eyewear PtyLtd. and Seeyewear Party Ltd. (collectively, Imago or Defendants"),[1] to dismiss for lack of personal jurisdiction. For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I.    BACKGROUND

Defendants own businesses in Australia selling eyewear and operate a website with the

---

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]Plaintiff's complaint also asserted claims against Steven Ehrlich, the founder and owner of the defendant companies, but Plaintiff abandoned these claims on appeal. (Appellant's Br. 3.)

domain name "seeyewear.com". Plaintiff also owns businesses selling the same types of products and operates a website with the domain name "seeeyewear.com". Plaintiff owns federal trademark registrations for "SEE", "SEE SELECTIVE EYEWEAR ELEMENTS", and has a pending application for "SEE EYEWEAR". In 2002, Defendants filed an application for a United States Trademark for "SEEYEWEAR." Plaintiff registered the domain name for its website in 1998 and Defendant registered its domain name in 2002.

Plaintiff brought this action alleging that Defendants' website violates federal trademark and state unfair trade practices law because their website differs by only one "e" from Plaintiff's website, causing confusing and misdirecting Plaintiff's customers to Defendants' website.

It is undisputed that Defendants have never sold any products to Michigan residents or have never been contacted by any Michigan residents. The only evidence submitted of Defendants' presence in the United States was attendance at one trade show in New York. Plaintiff alleged that it had been contacted by numerous customers with questions about Defendants' products, which Plaintiff argued showed that Michigan residents confused the two websites. Evidence was submitted that Defendants' products are sold in Australia, New Zealand, Singapore, and the Netherlands.

Users of Defendants' website can not purchase products online, but instead may only view the available products. There is, however, a form that users may fill out that allows the company to contact users. The form contains dialogue boxes for the user's name, address, gender, and email address. There is a box asking whether the user wears glasses, requests information on how the user found the site, and asks whether the user has additional feedback.

Defendants argued successfully below that the district court did not have personal jurisdiction because their contacts with Michigan through the website were "passive". The court

2

found important the facts that Defendants have never been contacted by Michigan residents and the website does not permit users to enter into contracts with Defendants or purchase products. Also, the court noted that attendance at one trade show in New York did not provide significant enough contacts with Michigan to assert personal jurisdiction over the foreign defendants. The district court also held that jurisdiction was improper pursuant to Federal Rule 4(k)(2) because Defendants' contacts with the United States as a whole were insufficient to satisfy due process for the same reasons that jurisdiction was improper based on contacts with Michigan.

On appeal, Plaintiff argues that Defendants' website is sufficiently interactive because the information form solicits marketing information from the users. Plaintiff also argues that jurisdiction would be proper pursuant to Federal Rule 4(k)(2) because Defendants have had minimum contacts with the United States.

## II. STANDARD OF REVIEW

A dismissal for lack of personal jurisdiction is reviewed de novo. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The burden to prove the court has jurisdiction is on the plaintiff. *Neogen Corp.*, 282 F.3d at 887.

When faced with a motion for dismissal based on personal jurisdiction, the district court has discretion to either: "decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Where the district court

3

did not conduct an evidentiary hearing, as in the instant case, [2] this Court reviews the pleadings and affidavits in the light most favorable to the plaintiff, does not weigh contradictory evidence, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000), and the plaintiff need only make a prima facie showing of personal jurisdiction, *Theunissen*, 935 F.2d at 1458. However, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458.

## III. DISCUSSION

### A. Personal Jurisdiction Through Michigan Contacts

Plaintiff appealed the district court's decision that assertion of personal jurisdiction would offend due process based on Defendants' contacts with Michigan and  based on Defendants' contacts with the United States pursuant to Federal Rule 4(k)(2). At argument, Plaintiff asserted that this is a straight Federal Rule 4(k)(2) case and focused solely on that argument. We agree with the reasoning of the district court that personal jurisdiction based on Michigan contacts would offend due process. *See, Inc. v. Imago Eyewear Pty Ltd.,* No. 2:03-CV-74761-PBD, slip op. at 8-11 (E.D. Mich. Oct. 12, 2004); *McGill Tech. Ltd. v. Gourmet Techs., Inc.*, 300 F. Supp. 2d 501, 507 (E.D. Mich. 2004) (holding that the defendants' website was passive even though the website provided

---

[2]In the procedural history section of Plaintiff's brief, it is noted that the district court declined Plaintiff's motion for further jurisdictional discovery. Also, at oral argument, Plaintiff asserted that the district court should have granted its motion for jurisdictional discovery, but Plaintiff did not specifically appeal this ruling. (Appellant's Br. 3-4.) In order to show the district court erred in denying Plaintiff's motion for jurisdictional discovery, Plaintiff would have to show that the district court abused its discretion. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Plaintiff has not stated how jurisdictional discovery would have aided its response or stated what Plaintiff may have discovered that would have proven jurisdiction was proper. As a result, Plaintiff has not shown how the district court abused its discretion in denying the motion for further discovery.

contact information because it was not possible for users to purchase products through the website).

Accordingly, we will focus our analysis on the district court's decision regarding whether personal jurisdiction pursuant to Federal Rule 4(k)(2) would offend due process.

**B. Personal Jurisdiction Through United States Contacts**

Federal Rule 4(k)(2) provides, "If the exercise of jurisdiction is consistent with the Constitution and the law of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction of the courts of general jurisdiction of any state."  In order to prove that jurisdiction is proper, "(1) the plaintiff's claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp*., 230 F.3d 934, 940 (7th Cir. 2000). The district court held that jurisdiction would violate due process, so the court did not reach the remaining elements.

Plaintiff argues that the district court erred in not analyzing whether Defendants' contacts with the United States satisfied due process and, instead merely relying upon its earlier determination that Defendants' contacts with Michigan were not sufficient to satisfy due process. In deciding that Defendants did not purposefully avail themselves of the United States market, the court referred to its earlier holding that Michigan contacts were insufficient. *See, Inc.,* No. 2:03-CV-74761-PBD, slip op. at 19  ("As explained above, Plaintiff was unable to make a due process showing."). In response to Plaintiff's arguments that Defendants "demonstrated contacts with the United States through its domain address, internet website, website advertising, attendance at trade

shows and by filing trademark applications at the United States Patent and Trademark Office", the court also noted that "[h]aling Defendant[s] into this Court, based upon [these allegations], would be based on 'random,' fortuitous,' or 'attenuated' contacts." *Id*. at 20. The court held that Plaintiff did not make specific allegations that Defendants marketed its goods in the United States and that Defendants introduced evidence that the companies only sell products in Australia, New Zealand, Singapore, and the Netherlands. The court noted that Plaintiff did not submit authority for its argument that "by filing [a] trademark application in the United States, one could anticipate being sued there." *Id*.

(**1**). **Due Process Analysis**

Pursuant to the Due Process Clause, the defendants must have significant minimum contacts with the forum in order for the assertion of jurisdiction over the defendants to not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 310 (1945). Three criteria must be met in order to determine whether personal jurisdiction may be exercised over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera Corp*., 428 F.3d at 615 (quoting *S. Machine Co. v. Mohasco Indus., Inc*., 401 F.2d 374, 381 (6th Cir. 1968)) (internal quotation marks omitted).

(**a**). **Purposeful Availment**

In order to determine whether an operator of a website purposefully availed himself of the

6

forum state, the Court looks at the website's level of interactivity. *Neogen Corp.*, 282 F.3d at 890 (citing *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). There are generally three levels of interactivity of websites, including: (1) passive sites that only offer information for the user to access; (2) active sites that clearly transact business and/or form contracts; and (3) hybrid or interactive sites that allow users to "exchange information with the host computer." *Zippo Mfg. Co.*, 952 F. Supp. at 1124. *Neogen* held that purposeful availment is shown "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." 282 F.3d at 890. Plaintiff argues that the district court erred in finding that Defendants' website was passive because the informational form collected valuable marketing information from the user. However, *Neogen* held that a website is passive if it simply posts product and contact information. *Id.; see also McGill*, 300 F. Supp. 2d at 507.

Although the district court in the instant case did not specifically hold that the Defendants' website was passive with respect to the United States, it clearly held that the Defendants' overall contacts with the United States, including the Defendants' website, did not provide sufficient contacts with the United States to satisfy due process. We agree. It is the plaintiff's burden to allege facts in support of personal jurisdiction. *Neogen Corp.*, 282 F.3d at 887. Plaintiff did not present any evidence that Defendants were contacted by United States residents. Defendants, on the other hand, presented evidence that their sales occurred solely outside of this country. *Theunissen*, 935 F.2d at 1458 ("the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction").

Further, the fact that Plaintiff presented evidence that Plaintiff was contacted by customers within this country who accidentally visited Defendants' site, while looking for Plaintiff's site, does

not show purposeful availment by Defendants of the United States market. It merely shows that Defendants' website was visited by residents in the United States. Our precedent, however, holds that "[t]he maintenance of [the defendant's] website, in and of itself, does not constitute the purposeful availment of the privilege of acting in [the forum state]." *Neogen Corp.*, 282 F.3d at 890; *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) ("[T]he fact that [the defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction.").

Finally, attendance at one trade show in New York and a website that permits users to contact the company through an on-line form are simply insufficient contacts with the United States to satisfy due process. *See McGill*, 300 F. Supp. 2d at 507 (holding that the defendant's site was "a classic passive site because, while it provides information about Defendant GT's products as well as a means to contact Defendant GT, it does not allow a visitor to the site to purchase products or otherwise directly transact business over the site").

Plaintiff cites *Sunshine Distributers, Inc. v. Sports Authority of Michigan, Inc.*, 157 F. Supp. 2d 779, 788 (E.D. Mich. 2001) , for support, but that case is distinguishable. In *Sunshine Distributers*, the Eastern District of Michigan court held that the defendant purposefully availed itself of the United States market because it had a licensing agreement with a subsidiary company to market and distribute its products in the United States. The court found that the subsidiary company's sole reason for creation was to market the defendant's products in the United States. The court noted that "Defendant also made a deliberate decision to register its marks with the United States Patent and Trademark Office." *Id*. at 789. In the instant case, even though Defendants applied for a United States trademark, there are no allegations of any products being sold in the United States, much less a distributor being created to market Defendants' products in this country.

Thus, the district court did not err in concluding that jurisdiction was improper based on United States contacts.

### (b). Relatedness and Reasonableness

As we find that the first prong is not satisfied, analysis of the second and third prongs is unnecessary. *See Lak, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989) ("The plaintiff having failed to pass the 'purposeful availment' test, we need not dwell on the other criteria of *Mohasco Industries*; each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.") Further, because the exercise of jurisdiction would offend due process based on Defendants' contacts with the United States, jurisdiction pursuant to Federal Rule 4(k)(2) is improper. Fed. R. Civ. P. 4(k)(2).

### IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the decision of the district court.